1  FRANK SIMS STOLPER, LLP
   Jason M. Frank (SBN 190957)
2  jfrank@lawfss.com
   Scott H. Sims (SBN 234148)
3  ssims@lawfss.com
   19800 MacArthur Blvd., Suite 855
4  Irvine, California 92612
   Telephone:  (949) 201-2400
5  Facsimile:   (949) 201-2405

6  Attorneys for Plaintiff

7
                    UNITED STATES DISTRICT COURT
8
                   CENTRAL DISTRICT OF CALIFORNIA
9

10
   PAMELA RUBIN-KNUDSEN, an              Case No.:  2:18-cv-6227
11 individual, on behalf of herself, and all
   other persons similarly situated,
12                                        **CLASS ACTION COMPLAINT FOR:**
                   Plaintiff,
13                                        1. Failure To Pay Overtime
   vs.                                       Compensation [Cal. Lab. Code §§
14                                           510, 1194, *et seq.* and Wage Order
   ARTHUR J. GALLAGHER & CO., a              4-2001];
15 Delaware corporation, ARTHUR J.
   GALLAGHER SERVICE COMPANY,             2. Failure to Provide Off-Duty Meal
16 LLC, a limited liability company,         Periods [Cal. Lab. Code §§ 512 and
                                             226.7 and Wage Order 4-2001];
17                 Defendants.
                                          3. Failure to Provide Accurate Wage
18                                           Statements [Cal. Lab. Code § 226]

19                                        4. Failure to Pay Wages Due At
                                             Termination [Cal. Lab. Code §§
20                                           201, 202 and 203]; and

21                                        5. Violation of California's Unfair
                                             Competition Law [Cal. Bus. And
22                                           Prof. Code §§ 17200, *et seq.*]

23                                        **DEMAND FOR JURY TRIAL**

24
25
26
27
28

---
1
CLASS ACTION COMPLAINT

Plaintiff Pamela Rubin-Knudsen ("Plaintiff"), on behalf of herself and all others similarly situated, alleges based on her own personal knowledge and upon information and belief as to all other matters as follows:

## INTRODUCTION

1. This case concerns Defendants' illegal practice of misclassifying Client Service Managers as exempt employees to avoid paying overtime compensation, as well as Defendants' failures to otherwise comply with the California Labor Code. Defendants' conduct as set forth herein violates *inter alia* California Labor Code §§ 201-204, 510, 512, 226, 226.7, 1194 and 1198, *et seq.*, as well as Wage Order 4-2001 and California Business & Professions Code § 17200, *et seq.*, at a minimum.

## PARTIES

2. Defendant Arthur J. Gallagher & Co. ("AJG") is, and at all relevant times was, a Delaware corporation with its principal place of business in Itasca, Illinois. AJG is one of the world's largest insurance brokers, providing retail property/casualty brokerage services and consulting in the United States through its Arthur J. Gallagher Risk Management Services, Inc. division. AJG operates offices throughout the United States, including in Los Angeles, California.

3. Defendant Arthur J. Gallagher Service Company, LLC ("AJGS") is, and at all relevant times was, a limited liability company organized and existing under the laws of the State of Delaware with its principle place of business in Itasca, Illinois. On information and belief, AJGS is a subsidiary of AJG.

4. Defendants AJG and AJGS are collectively referred to herein as "Defendants," "Gallagher" or the "Company."

5. Plaintiff Pamela Rubin-Knudsen ("Plaintiff") is, and at all relevant times was, a citizen of the State of California, who resides in the County of Los Angeles, California. Plaintiff is currently employed by Defendants as a Senior Client Service Manager and has held this position since approximately May 2016. Plaintiff worked at Defendants' office in Santa Monica, California until approximately December 2016, at

which time Defendants' Santa Monica office closed and Client Service Managers in that office were authorized to work remotely from home.

## FACTUAL ALLEGATIONS

6. Gallagher performs insurance brokerage services. Clients retain Gallagher's experts, called Producers, to consult and develop suitable risk management programs tailored to the individual client's needs and requirements.

7. Client Service Managers are assigned to client accounts by Gallagher. Their position primarily consists of performing clerical tasks and facilitating the flow of information between Producers, clients and insurers in connection with insurance renewals and new business. This primarily includes:

    (a) Collecting information from existing or new clients to solicit quotes from select insurance carriers chosen by the Producers;

    (b) Inputting the quotes into Company templates and spreadsheets to prepare quote comparisons so Producers can decide which quote(s) to present to the clients;

    (c) Sending the quotes selected by the Producers to the Gallagher Service Center in India, which will input the quotes and client information into Company formatted proposals;

    (d) Reviewing the proposals prepared by the Gallagher Service Center for typos or incorrectly inputted information before the Producers present the proposals to the clients;

    (e) Following instructions from Producers regarding which insurance policies were selected by the clients and communicating with the insurance carriers as to which policies to bind;

    (f) Storing binding confirmations into the Gallagher document management system;

    (g) Reviewing the insurance policies provided by the carriers to ensure the client information is accurate and the coverage is as requested;

    (h)    Receiving invoices from insurance carriers and transmitting the invoices to another division of Gallagher which prepares the client invoices;

    (i)    Forwarding the Gallagher invoices to the clients and following-up on payments;

    (j)    Checking the mail system each day for correspondence from insurance carriers to notify clients of pending matters such as policy cancellation alerts or compiling requested information for the insurance carriers;

    (k)    Reviewing annual audits to ensure client and insurance information is accurate;

    (l)    Providing Certificates of Insurance upon request;

    (m)    Submitting information to finance companies selected by the Company for clients that request finance agreements to assist in paying premiums; and

    (n)    Updating information into Company databases and other clerical work.

8. Despite having the term "manager" in their title, Client Service Managers are not responsible for managing, supervising or directing any employees. They do not have the authority to hire, train, promote, fire or discipline employees, nor are they normally consulted on such employment decisions. They further do not have the authority to determine pay rates or benefits, provide raises or make other employment-related or personnel decisions.

9. Client Service Managers do not customarily have the authority to exercise their discretion or independent judgment. Instead, they are primarily provided with the routine clerical tasks described above by their Producers and/or supervisors and must perform those tasks according to specific instructions and Company-proscribed policies and procedures. They do not have the power to make independent choices free from

immediate supervision with respect to matters of significance, nor do they have the power to evaluate possible courses of action and implement decisions after considering various possibilities.

10. The work of Client Service Managers is part of Defendants' core, day-to-day operations as an insurance broker. The work is not directly related to the management or general business operations of Defendants or their clients. Instead, Client Service Managers are essentially producing the goods or services that Defendants sell to clients, i.e., a risk management insurance program designed by Defendant's Producers to meet the clients' needs.

11. Client Service Managers are not engaged in work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study. They are not engaged in the practice of law, medicine, dentistry, optometry, architecture, engineering, teaching or accounting. Instead, the work of Client Service Managers primarily involves the performance of routine mental and clerical processes.

12. Defendants have uniformly and unlawfully classified Client Service Managers as a salaried position exempt from overtime pay. By doing so, Defendants have been able to improperly reduce their labor costs by placing a larger labor burden on their Client Service Managers without paying overtime compensation.

13. Specifically, Defendants have a uniform policy that requires Plaintiff and Client Service Managers in California to regularly work more than eight (8) hours per day and/or more than forty (40) hours per week to complete their assigned tasks from Defendants. Defendants are aware the workload assigned to Client Service Managers cannot be completed in a forty-hour work week. Defendants further are aware from computer log-ins and emails, among with other evidence, that Client Service Managers are working more than their scheduled daily hours.

14. Despite the fact the work performed by Client Service Managers is non-exempt under the applicable Industrial Welfare Commission Wage Order 4-2001

(the "Wage Order"), Defendants have unlawfully avoided paying overtime wages to Plaintiff and Client Service Managers in California by misclassifying these employees as exempt.

15. Defendants further failed to provide thirty (30) minute off-duty meal periods to Plaintiff and the Class for every five (5) hours of work. Though Plaintiff and some Class Members may have been scheduled for off-duty meal periods, Defendants regularly did not permit Plaintiff and Class Members to take an off-duty meal period and/or knew or reasonably should have known Plaintiff and the Class Members were working during such time. Further, Plaintiff and Class Members regularly worked more than ten (10) hours per workday and, even if Plaintiff or Class Members were permitted a first off-duty meal period, Defendants regularly failed to provide Plaintiff and Class Members a second off-duty meal period of at least thirty (30) minutes. Defendants did not provide premium pay to Plaintiff and the Class related to their failure to furnish required off-duty meal periods.

16. Defendants further failed to provide Plaintiff and Class Members with accurate itemized wage statements showing gross wages earned, total hours worked, net wages earned, all applicable hourly rates in effect during they pay period and the corresponding number of hours worked at each hourly rate by the employee, the last four digits (only) of the employee's social security number, and/or the correct name of their employer.

17. As a result, Defendants have violated California law by: (a) failing to pay overtime wages in violation of California Labor Code §§ 510, 1194, *et seq.* and Wage Order 4-2001; (b) failing to provide off-duty meal periods in violation of California Labor Code §§ 512 and 226.7 and Wage Order 4-2001; (c) failing to provide accurate wage statements in violation of California Labor Code § 226; (d) failing to pay all wages bi-weekly in violation of California Labor Code § 204 and failing to pay all wages earned at termination of employment in violation of California Labor Code §§ 201, 202 and 203; and (e) unlawfully, unfairly and fraudulently representing and

classifying Client Service Managers as exempt in violation of California Business & Professions Code § 17200, *et seq.* (the "UCL").

## FACTS REGARDING PLAINTIFF

18. Plaintiff was hired by Defendants in May 2016 as a Client Service Manager Senior. Plaintiff's employment agreement was entered into with AJG "on behalf of itself and its subsidiaries, divisions and affiliated and related companies". A true and correct copy of Plaintiff's "Employee Agreement" and Employment Offer Letter are attached as Exhibits A and B respectively.

19. Plaintiff's payslips list "Arthur J. Gallagher Service Company" as the "Business Group" and list the "Employer name" as "47615 GGB US – White & Co. Commercial." GGB US is believed to stand for Gallagher Global Brokerage US, which is believed to be a division of Arthur J. Gallagher & Co. Arthur J. Gallagher & Co. acquired White & Company Insurance, Inc. in or around February 2016, prior to the beginning of Plaintiff's employment. True and correct exemplar copies of Plaintiff's payslips are attached as Exhibit C (with personal information redacted).

20. Plaintiff has also received a document from the Employment Development Department of the State of California which lists here employer as "Arthur J. Gallagher Service Company LLC." A true and correct copy of that document is attached as Exhibit D (with personal information redacted).

21. As evidenced in Plaintiff's Employment Offer Letter, dated May 19, 2016, Defendants falsely represented to Plaintiff that her position, Client Service Manager Senior, was exempt. *See* Exh. B, p. 1. As such, Plaintiff received an annual salary paid in twenty-four equal installments on a semi-monthly basis for 37.5 hours per week without overtime compensation.

22. Plaintiff's work as a Client Service Manager Senior primarily consists of the tasks described in Paragraph 7 above. These are non-exempt tasks under the applicable Wage Order 4-2001.

23. As a matter of law, exemptions from statutory overtime provisions are narrowly construed and the employer bears the burden to plead and prove the necessary facts to establish an exemption. *See*, *e.g.*, *Donavan v. Nekton, Inc.* (9th Cir 1983) 703 F.2d 1148, 11151; *Ramirez v. Yosemite Water Co., Inc.* (1999) 20 Cal.4th 785, 794. Defendants will not be able to satisfy this burden.

    a) **The Wage Order's "Executive Exemption" Does Not Apply.** Plaintiff and other Client Service Managers do not qualify as exempt under the Wage Order's "Executive Exemption." *See* Wage Order 4-2100(1)(A)(1). Plaintiff and Client Service Managers do not manage Defendants' enterprise or any department or subdivision thereof. Plaintiff and Client Service Managers do not customarily or regularly direct the work of any employees, let alone two or more employees. Plaintiff and Client Service Managers do not have the authority to hire, fire or promote employees, nor are they consulted on such matters. Plaintiff and Client Service Managers do not customarily and regularly exercise discretion or independent judgment; in fact, Plaintiff has been disciplined for doing so, having been officially reprimanded for soliciting a quote from an insurance carrier that was not selected by the Producer. Instead, Plaintiff and Client Service Managers are simply assigned the routine clerical tasks by her Producers and supervisors as set forth in Paragraph 7 above and must perform such tasks according to their instructions and Company-proscribed policies and procedures.

    b) **The Wage Order's "Administrative Exemption" Does Not Apply.** Plaintiff and other Client Service Managers do not qualify as exempt under the Wage Order's "Administrative Exemption." *See* Wage Order 4-2100(1)(A)(2). Plaintiff and Client Service Managers' work is related to Defendants' core day-to-day business of performing brokerage services for their customers and is not related to the management or general business operations of Defendants or their clients. Further, as alleged above, Plaintiff and Client Service Managers do not customarily and regularly exercise discretion or independent judgment.

      c)    **The Wage Order's "Professional Exemption" Does Not Apply.**

Plaintiff and other Client Service Managers do not qualify as exempt under the Wage Order's "Professional Exemption." *See* Wage Order 4-2100(1)(A)(3). Plaintiff and Client Service Managers are not engaged in the professions of law, medicine, dentistry, optometry, architecture, engineering, teaching or accounting. Their work does not require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, nor is it predominately intellectual or varied in character. Instead, it is routine mental and clerical work. Further, as alleged above, Plaintiff and Client Service Managers do not customarily and regularly exercise discretion or independent judgment.

24. Plaintiff, like other Client Service Managers in California, regularly works more than eight (8) hours per day and/or more than forty (40) hours per week to complete her assigned tasks.

25. Plaintiff, like other Client Service Managers in California, regularly was not furnished a thirty (30) minute off-duty rest period for workdays on which she worked more than five (5) hours and regularly was not furnished a second thirty (30) minute off-duty rest period for workdays on which she worked more than ten (10) hours.

26. Plaintiff, like other Client Service Managers in California, received inaccurate wage statements that did not include their overtime hours and compensation, among the other items identified in Paragraph 16 above.

**JURISDICTION AND VENUE**

27. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one defendant, there are 100 or more Class members, and the aggregate amount in controversy exceeds $5,000,000.00.

28. Venue is proper in this district under 28 U.S.C. § 1391(b) because Plaintiff performed her services and received her wages in this district, Defendants regularly

conduct business in this district and/or a substantial part of the events giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Class:

    a) All persons who are or were previously employed by Defendants as Client Service Managers in California and were classified as exempt from overtime wages.

    b) With respect to the UCL claim, the class period is four (4) years prior to the filing of this Complaint (the "UCL Class Period").

    c) With respect to all other claims, the class period is three (3) years prior to the filing of this Complaint (the "Labor Code Class Period").

Plaintiff reserves the right to amend the class definition and class period(s).

30. Excluded from the proposed Class are any person(s) employed by Plaintiff's counsel and any judicial officers assigned to this case, as well as their staff.

31. **Numerosity**: While the exact number of Class Members can only be determined by appropriate discovery, membership in the Class is ascertainable based upon the employment and payroll records maintained by Defendants. At this time, Plaintiff is informed and believes that the Class includes hundreds of Clients Service Managers in California. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(1), and the resolution of their claims through a class action will be of benefit to the parties and the Court.

32. **Ascertainability**: Names and addresses of the Class Members are available from Defendants' employment and payroll records. Notice can be provided to the members of the Class through direct mailing.

33. **Commonality**: Common questions of law and fact exist as to all members of the Class and predominate over any issues solely affecting individual members. The common questions of law and fact include but are not limited to:

    a)    Whether Client Service Managers were misclassified as exempt under the applicable Wage Order;

    b)    Whether Client Service Managers are exempt under the Wage Order's "Executive Exemption";

    c)    Whether Client Service Managers are exempt under the Wage Order's "Administrative Exemption";

    d)    Whether Client Service Managers are exempt under the Wage Order's "Professional Exemption";

    e)    Whether Defendants uniformly assign more work to Client Service Managers than can be completed in an eight (8) hour day and/or forty (40) hour work week;

    f)    Whether Defendants were aware their Client Service Managers were regularly working more than eight (8) hours per day and/or forty (40) hours per week;

    g)    Whether Defendants improperly failed to pay overtime to Client Service Managers in violation of California Labor Code §§ 510, 1194, *et seq.* and Wage Order 4-2001;

    h)    Whether Defendants improperly failed to furnish off-duty meal periods and provide premium pay in violation of California Labor Code §§ 512 and 226.7 and Wage Order 4-2001;

    i)    Whether Defendants' wage statements for Client Service Managers are inaccurate in violation of California Labor Code § 226;

    j)    Whether Defendants failed to pay all earned wages, including overtime wages, at the time of termination (or within 72 hours

thereafter) as required by California Labor Code §§ 201, 202 and 203; and

k) Whether Defendants' actions set forth herein violated the UCL.

34. **Typicality**: Plaintiff's claims are typical of the claims of the Class. As alleged herein, Plaintiff is a Client Service Manager in California who was improperly classified as exempt and, thus, did not receive overtime wages worked and earned during her employment during the California Class Period and Labor Code Class Period. Plaintiff, likewise, did not receive required off-duty meal periods or accurate wage statements. While Plaintiff is currently employed by Defendants, her claims are typical of former employees in the Class whose claims will turn on whether they were improperly classified as exempt. This includes, but is not limited to, their claims for violation of California Labor Code §§ 201, 202 and 203.

35. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Class, because she has no interests which are adverse to the interests of the members of the Class. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel who are competent and experienced in handling class action litigation like the present matter, and who will adequately represent the Class.

36. **Superiority**: A class action is superior to all other available methods for the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because: (a) the expense and burden of individual litigation make it economically unfeasible for members of the Class to seek redress of their claims other than through the procedure of a class action; (b) if separate actions were brought by individual members of the Class, the resulting duplicity of lawsuits would risk inconsistent results; and/or (c) absent a class action, Defendants likely will retain the benefits of their wrongdoing, and there will be a failure of justice.

37. **Predominance**: Class action status is warranted under Rule 23(b)(3) because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members. The interest of the members of the Class in individually controlling the prosecution of separate actions is theoretical and not practical. Prosecution of this action through a Class Representative would be superior to individual lawsuits and Plaintiff anticipates no difficulty in the management of this matter as a class action. Plaintiff is not aware of any difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 1194, *et seq*. and Wage Order 4-2001]

### (By Plaintiff and the Class Against All Defendants)

38. Plaintiff, individually and on behalf of the putative Class, realleges Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Defendants routinely require Plaintiff and the Class Members to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek. Defendants, however, failed to pay overtime wages to Plaintiff and the Class. Defendants instead improperly classified Plaintiff and the Class Members as exempt to avoid paying them overtime wages.

40. California Labor Code § 510 and Wage Order 4-2001 require that an employer compensate non-exempt employees for all work performed in excess of eight (8) hours per workday and forty (40) hours per workweek, at the rate of 1½ times the employee's regular rate of pay.

41. California Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable is entitled to recover in a civil action the unpaid balance of the full amount of his or her overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit. California Labor Code §

1198 further provides that the maximum hours of work and the standard conditions of labor fixed by the Labor Commission shall be the maximum hours of work and the standard conditions of labor for employees and that the employment of any employee for longer hours than those fixed by the applicable Wage Order or under conditions of labor prohibited by the applicable Wage Order is unlawful.

42. At all relevant times, Defendants knowingly and willfully failed to pay overtime earned and due to Plaintiff and the Class Members, and in doing so violated California law.

43. Plaintiff, on behalf of herself and the Class, further seeks the relief described in the Prayer for Relief below.

## SECOND CAUSE OF ACTION

**For Failure to Provide Off-Duty Meal Periods**

[**Cal. Lab. Code §§ 512 and 226.7 and Wage Order 4-2001**]

**(By Plaintiff and the Class Against All Defendants)**

44. Plaintiff, individually and on behalf of the putative Class, realleges Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. California Labor Code § 512(a) provides, in relevant part, that "an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" and that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

46. Wage Order 4-2001 provides, in relevant part, "No employer shall employ any person for a work period of more than give (5) hours without a meal period of not less than 30 minutes . . . . If an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

47. Labor Code § 226.7(a) further provides that "no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

48. At all relevant times, Defendants failed to provide Plaintiff and the Class Members with the required off-duty meal periods.

49. As a result of Defendants' intentional, knowing, willful and unlawful failure to provide Plaintiff and the Class Members with mandatory off-duty meal periods, Plaintiff and the Class Members are entitled to recover one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

50. Plaintiff, on behalf of herself and the putative Class, seeks the relief as described in the Prayer for Relief below.

## THIRD CAUSE OF ACTION

**For Failure to Provide Accurate Wage Statements**

**[Cal. Lab. Code § 226]**

**(By Plaintiff and the Class Against All Defendants)**

51. Plaintiff, individually and on behalf of the putative Class, realleges Paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. California Labor Code § 226 provides, in relevant part, that every employer must furnish each employee with an itemized wage statement that shows the total number of hours worked each pay period, gross wages, net wages, all deductions, all applicable hourly rates of pay, the name and address of the legal entity that is the employer, the last four digits (only) of the employee's social security number and other information.

53. At all relevant times, Defendants knowingly, intentionally and willfully failed to furnish Plaintiff and the Class Members, upon each payment of compensation, an itemized wage statement accurately showing, at a minimum: gross wages earned, total hours worked, net wages earned, all applicable hourly rates in effect during the pay

period and the corresponding number of hours worked at each hourly rate by the employee, the correct name of the employer and/or the last four digits (only) of the employee's social security number.

54. During all relevant times, Plaintiff and the Class Members were injured by these failures because, at a minimum, they were confused about whether they were paid properly, who their true employer was, and/or they were misinformed about how many total hours they worked in each pay period.

55. California Labor Code § 226(e) provides that an employee suffering injury as a result of not being provided with an accurate itemized wage statement is entitled to recover the greater of all actual damages suffered or fifty ($50) dollars for the initial violation and one-hundred ($100) dollars for each subsequent violation, up to four thousand ($4,000) dollars.

56. Pursuant to Labor Code § 226(g), Plaintiff and the Class are entitled to injunctive relief to ensure Defendants' compliance with Labor Code § 226. Plaintiff and the Class are also entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

57. Plaintiff, on behalf of herself and the Class, further seeks the relief described in the Prayer for Relief below.

## FOURTH CAUSE OF ACTION
### For Failure to Pay Wages Due At Termination
### [Cal. Lab. Code §§ 201, 202 and 203]
### (By Plaintiff on Behalf of the Class Against All Defendants)

58. Plaintiff, on behalf of the putative Class, realleges Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59. California Labor Code §§ 201 and 202 require employers such as Defendants to pay all wages due at the time of termination of an employee's employment, or within 72 hours thereafter, depending on whether the employee provided advance notice of a resignation.

60. California Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, all wages due pursuant to the time period set forth in Labor Code §§ 201 or 202 (as applicable), "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

61. As a result of misclassifying Class Members as exempt from California's overtime laws, Defendants, at all relevant times, willfully failed to pay Class Members whose employment ended all wages due at the time of termination in accordance with California Labor Code §§ 201 and 202.

62. Though Plaintiff is currently employed by Defendants and thus does not have a personal claim under California Labor Code §§ 201, 202 and 203 at this time, the circumstances giving rise to the Class Members' claims for such violations are sufficiently similar to those giving rise to Plaintiff's claims such that Plaintiff is typical and adequate for purposes of bringing such claims on behalf of Class Members with such claims.

63. Plaintiff, on behalf of the Class, further seeks the relief described in the Prayer for Relief below.

## FIFTH CAUSE OF ACTION
### Violation of California's Unfair Competition Law
### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]
### (By Plaintiff and the Class Against All Defendants)

64. Plaintiff, individually and on behalf of the putative Class, realleges Paragraphs 1 through 63 of this Complaint as if fully set forth herein

65. California Business & Professions Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

66. At all relevant times Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.

67. As set forth herein, Defendants' violations of the UCL include, without limitation, failing to pay for all hours worked, failing to pay overtime wages, failing to provide mandated meal periods, failing to timely pay all wages earned, failing to furnish accurate itemized wage statements, and failing to pay all wages when due both during and upon termination of employment in violation of California Labor Code §§ 201, 202, 203, 204, 226 and 512 and Wage Order 4-2001.

68. Plaintiff suffered economic injury and lost money or property as a result of Defendants' violations of the UCL.

69. California Business & Profession Code § 17200 *et seq.* authorizes injunctive relief to prevent violations of the UCL and also authorizes restitution, such as the return of wages wrongfully withheld.

70. Plaintiff, individually on behalf of the Class, further seeks the relief described in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class respectfully requests that this Court grant the following relief:

1. Certification of this action as a class action pursuant to Rule 23, and appointing Plaintiff as the Class Representative and her counsel as Class Counsel;

2. Issuance of a declaratory judgment that the practices complained of herein are unlawful under California law, and an order enjoining any continued violations;

3. An award of unpaid wages, including all overtime compensation at the appropriate rate, due under California law to Plaintiff and the Class Members;

4. An award of premium pay pursuant to California law for Defendants' failure to provide required off-duty meal periods to Plaintiff and the Class Members;

5. An award of actual or statutory damages, whichever is greater, under California law for Defendants' failure to provide accurate itemized wage statements to Plaintiff and the Class Members;

6. An award of up to 30 days wages for Defendants' failure to pay all wages due at the time of termination in violation of California law to Class Members who ended their employment during the Labor Code Class Period;

7. An award of restitution to Plaintiff and the Class Members and all unpaid wages, including overtime compensation at the applicable rate;

8. Pre-judgment and post-judgment interest;

9. Attorneys' fees and costs pursuant to California law; and

10. Such other relief as this Court deems just and proper.

Dated: July 18, 2018                                         FRANK SIMS STOLPER, LLP

                                                             By: */s/ Jason M. Frank*
                                                                 JASON M. FRANK
                                                                 SCOTT H. SIMS
                                                                 Attorneys for Plaintiff

## DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on issues triable to a jury.

Dated: July 18, 2018                                         FRANK SIMS STOLPER, LLP

                                                             By: */s/ Jason M. Frank*
                                                                 JASON M. FRANK
                                                                 SCOTT H. SIMS
                                                                 Attorneys for Plaintiff

19
CLASS ACTION COMPLAINT