FRANK SIMS & STOLPER LLP
Jason M. Frank (SBN 190957)
jfrank@lawfss.com
Scott H. Sims (SBN 234148)
ssims@lawfss.com
19800 MacArthur Blvd., Suite 855
Irvine, California 92612
Telephone: 949-201-2400
Facsimile: 949-201-2405

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA RUBIN-KNUDSEN, an individual; and MARNINE CASILLAS, and individual on behalf of themselves, and all other persons similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>ARTHUR J. GALLAGHER & CO., a Delaware corporation, ARTHUR J. GALLAGHER SERVICE COMPANY, LLC, a limited liability company,<br><br>　　　　　　　　Defendants. | Case No.: 2:18-cv-06227-JGB-SPx<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARILY APPROVAL OF SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS COUNSEL, SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS**<br><br>Date:　　December 7, 2020<br>Time:　　9:00 a.m.<br>Courtroom: 1<br>Judge:　　Hon. Jesus G. Bernal |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  This putative class action was brought by Plaintiffs Pamela Rubin-Knudsen and Marine Casillas ("Plaintiffs") on behalf of all Client Service Managers ("CSMs") employed by Arthur J. Gallagher & Co. and Arthur J. Gallagher Service Company, LLC ("Defendants") in California who were classified as "exempt" from California's overtime requirements during the Class Period (July 18, 2014 through the present).

The Parties entered a "Stipulation of Class and Representative Action Settlement" (the "Settlement" or "Settlement Agreement") in the above-captioned action (the "Action") on or about November 9, 2020.  Plaintiffs now move this Court for an order preliminarily approving the Settlement, certifying a Class for settlement purposes only, appointing Class Counsel, setting a hearing on the final approval of the Settlement, and directing notice to the Class (the "Motion").  Defendants do not oppose Plaintiffs' Motion.  Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon consideration of the Motion, the Settlement and all exhibits thereto, the materials previously submitted in this case, the arguments of counsel, and other materials relevant to this matter, it is hereby **ORDERED** that:

1. **Preliminary Findings Regarding Proposed Settlement**

   a. This Court has both subject matter jurisdiction and personal jurisdiction over this Action and all Parties before it;

   b. The Court has reviewed the Settlement Agreement proposed by the Parties and finds that it is without obvious deficiencies;

   c. The proposed Settlement resulted from arms-length negotiations by experienced and competent counsel;

   d. The Settlement was negotiated only after Class Counsel conducted a pre-settlement investigation consisting of written discovery, document production, depositions, witness interviews and motion practice;

   e. Plaintiffs and Class Counsel have concluded that the Settlement

1. Agreement is fair, reasonable, and adequate;

   f. The Parties have provided the Court with information sufficient to enable it to determine whether to give notice of the proposed Settlement to the Class; and

   g. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending Notice of the Settlement to the Class.

2. **Fairness Hearing:** A hearing (the "Fairness Hearing") is scheduled at the United States District Court for the Central District of California, Southern Division, Judge Jesus G. Bernal presiding, at 9:00 a.m. on _____ to determine, among other issues:

   a. Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

   b. Whether to finally certify the Class for settlement purposes only;

   c. Whether the notice procedures complied with the federal rules and due process;

   d. Whether Class Members who did not timely request exclusion from the Settlement should be bound by the releases set forth in the Settlement Agreement;

   e. Whether the Court should enter the Final Approval Order; and

   f. Whether the Court should approve the application for Attorneys' Fees and Costs, Enhancement Awards and Administrative Expenses.

3. **Settlement Administrator:** The Court approves and orders that Atticus Administration, LLC ("Atticus") shall be the Settlement Administrator responsible for carrying out the responsibilities set forth herein and in the Settlement Agreement.

4. **Class Definition:** The Parties have stipulated to the certification of the following Class for settlement purposes only: "All current and former Client Service Managers, Client Service Manager Seniors, Client Service Manager IIs and Client Service Manager IIIs (collectively, a "Client Service Manager Position"), employed by Defendants in the State of California at any time during the Class Period, and who were classified as exempt from state and federal overtime compensation requirements while in

1  a Client Service Manager Position at any time during the Class Period." The Class Period
2  is July 18, 2014 to the date of this Preliminary Approval Order.

3      5.    **Class Certification:** The motion to certify the Class for settlement purposes
4  only is preliminarily granted pursuant to Federal Rule of Civil Procedure ("Rule") 23. The
5  Court finds that, for purposes of settlement, (i) the Class Members are so numerous that
6  joinder of all Class Members is impracticable; (ii) there are questions of law and fact
7  common to the Class; (iii) the claims of the Plaintiffs are typical of the claims of the Class;
8  (iv) the Plaintiffs will fairly and adequately represent the interests of the Class; and (v)
9  prosecuting separate actions by individual Class Members would create a risk of
10 inconsistent or varying adjudications that would establish incompatible standards of
11 conduct for the Settling Parties.

12     6.    **Class Counsel:** The Court hereby appoints the following attorneys as
13 counsel for the Class: Jason M. Frank and Scott H. Sims of Frank Sims & Stolper, LLP
14 (collectively, "Class Counsel"). For purposes of these settlement proceedings, the Court
15 finds that Frank Sims & Stolper, LLP are competent and capable of exercising their
16 responsibility as Class Counsel.

17     7.    **Class Representatives:** The Court hereby appoints Plaintiffs Pamela Rubin-
18 Knudsen and Marnine Casillas to serve as the Class Representatives. For purposes of these
19 settlement proceedings, the Court finds that Plaintiffs' claims are typical of the Class, there
20 are no known conflicts of interests with between the Class Representatives and any
21 individual Class Members, and Plaintiffs will adequately represent the interests of the
22 Class.

23     8.    **Class Certification Rulings Shall Be Vacated if the Court does not Grant**
24 **Final Approval of the Settlement:** If, for any reason, the proposed settlement is not
25 approved, any order certifying the Class shall be vacated *ab initio* and the Action shall
26 proceed as though the Class had never been certified, without prejudice to the Parties'
27 rights to either request or oppose class certification for purposes of litigation. Preliminary
28 certification of the Class, appointment of Class Counsel and of Class Representatives, and

all actions associated therewith, are binding only with respect to the Settlement and are undertaken on the condition that certification and designations shall be vacated if the Settlement Agreement is terminated or is disapproved in whole or in material part by the Court, any appellate court, and/or any other court of review, or if the Settlement Agreement is terminated pursuant to "Defendants' Right to Revoke" set forth in Paragraph 73 of the Settlement Agreement. In such circumstances, (i) the Settlement Agreement and any obligations of Defendants thereunder shall be null and void, except as otherwise expressly provided in the Settlement Agreement; (ii) the Court shall vacate the preliminary certification of the Class; and (iii) the Action shall proceed as if the Settlement Agreement had never been entered and the Class had never been certified, without prejudice or relevance to the Court's consideration on the merits of any arguments for or against a properly submitted motion for class certification.

9. **Class Notice:** The Parties have presented the Court with a proposed form of notice to be mailed to Class Members ("Settlement Notice") pursuant to a notice plan.

   a. The Court finds that the proposed form of notice to Class Members, and the content therein, fairly and adequately:

      i. Describes the terms and effect of the Settlement Agreement and of the Settlement;
      ii. Notifies the Class that Class Counsel will seek compensation from the Settlement Fund for Attorneys' Fees and Costs;
      iii. Notifies the Class that Class Counsel will seek compensation from the Settlement Fund for Enhancement Awards to the Class Representatives;
      iv. Notifies the Class of the time and place of the final Fairness Hearing and Class Members' right to appear;
      v. Describes how the Class Members may request exclusion ("opt-out") from the Class and the Settlement; and
      vi. Describes how Class Members may object to the Settlement, or any

requested fees and costs, or enhancement awards.

      b.    The Settlement Administrator will send by first-class mail the appropriate Settlement Notice to each Class Member within fourteen (14) days of receiving the Class Information from Defendants. At this time, the Settlement Administrator will also "go live" with a Settlement Website which will contain the relevant pleadings and dates related to this Settlement. Defendants will provide the Class Information to the Settlement Administrator within fourteen (14) days of this Preliminary Approval Order.

      c.    Pursuant to Rule 23(c)(2) and 23(e), the contents of the Settlement Notice, mailing of the Settlement Notice, and publication of the Settlement Website and its materials constitute the best notice plan practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Rule 23, the Constitution of the United States, and any other applicable law.

10. **Requests for Exclusion:** Class Members who wish to opt-out of the class action portion of this Settlement shall notify the Settlement Administrator in writing that they want to exclude themselves, *i.e.*, opt-out from the non-PAGA portion of the Settlement. The request to opt-out sent to the Settlement Administrator must be postmarked no later than _____ (the "Response Deadline"). Class Members shall be permitted to rescind their opt-out statements in writing by submitting a rescission statement to the Settlement Administrator not later than one (1) business day before the Court's Final Approval hearing, orally at the Final Approval hearing, or as otherwise ordered by the Court.

11. **Objections to Settlement:** Any Class Member who has not requested exclusion from the Settlement may object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, to the proposed award of Attorneys' Fees, Costs or Enhancement Awards at the Final Fairness Hearing, if those objections have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be valid, a Class Member must file with the

Court by _____ (the "Response Deadline") a notice of objection, signed by the Class Member, stating: (i) the Class Member's name; (ii) current address; (iii) telephone number; (iv) dates of employment with Defendants; (v) last 4-digits of his or her Social Security number; and (vi) the basis of the objection, including the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interests of the Class and the reasons why the Settlement should not be approved. The Class Member must serve a copy of his or her objection on Counsel for the Parties by the Response Deadline. The postmark date of the filing and service shall be deemed the exclusive means for determining that the notice of objection is timely. Class Members who fail to make and mail written objections in the manner and by the deadline specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement. Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Settlement Administrator not later than one (1) business day before the Court's Final Approval hearing, orally at the Final Approval hearing, or as otherwise ordered by the Court. A Class Member who files and serves a timely notice of objection will have a right to appear at the Final Approval hearing to have his or her objection heard by the Court.

12. **Responses to Objections and Final Approval Motion:** Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least twenty-eight (28) calendar days before the Fairness Hearing.

13. **Continuance of Hearing:** The Court may adjourn or continue the Final Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel.

14. **Stay of Proceedings**: The Court hereby stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement, pending the Court's decision with respect to final approval of

the settlement.

15. **No Admission:** Under no circumstances shall this Order, the Settlement Agreement and its exhibits, or any of their terms and provisions, the negotiations and proceedings connected therewith, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against any of the Defendants or Released Parties of any fault, wrongdoing, breach or liability.

16. **Effectuating the Settlement**: Class Counsel and Defense Counsel are authorized to establish other means necessary to effectuate the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:_____

**Hon. Jesus G. Bernal**
**United State District Judge**