UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-6227 JGB (SPx)** | Date | March 19, 2021 |
|---|---|---|---|
| Title | *Pamela Rubin-Knudsen, et al., v. Arthur Gallagher and Co., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. No. 85); and (2) GRANTING Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. No. 83) (IN CHAMBERS)

Before the Court are two Motions: Plaintiffs' Motion for Final Approval of Class Settlement and Motion for Attorneys' Fees and Costs. ("Motion," Dkt. No. 85; "Fee Motion," Dkt. No. 83.) After considering the papers filed and the March 15, 2021 hearing, the Court GRANTS both Motions.

## I.   BACKGROUND

On July 18, 2018, Plaintiff Pamela Rubin-Knudsen filed a class action complaint against Defendants Arthur J. Gallagher & Co. and Arthur J. Gallagher Service Company, LLC. ("Complaint," Dkt. No. 1.) On August 28, 2018, Plaintiffs Rubin-Knudsen and Casillas amended the Complaint, filing a First Amended Complaint on behalf of themselves and all other persons similarly situated. ("FAC," Dkt. No. 16.) In the FAC, Plaintiffs alleged five causes of action: (1) Failure to pay overtime; (2) Failure to provide off-duty meal periods; (3) Failure to provide accurate wage statements; (4) Failure to pay wages due at termination; and (5) Violation of California's unfair competition law. (FAC.) On January 25, 2019, Plaintiffs filed a Second Amended Complaint to add a sixth cause of action for violations of California's Private Attorney General Act, ("PAGA"). ("SAC," Dkt. No. 25.)

On March 13, 2020, Plaintiffs moved to certify a class of current and former "Client Service Managers" employed by Defendants who were classified as exempt from California's

overtime requirements during the class period. ("Motion to Certify," Dkt. No. 49.) Plaintiffs' Motion to Certify also included a subclass of those employees during a shorter class period. (Id.)

On August 4, 2020, the parties filed a stipulation to stay the case pending mediation, (Dkt. No. 75,) which the Court approved on August 10, 2020. (Dkt. No. 76.) On September 25, 2020, the parties filed a notice of settlement. (Dkt. No. 77.)

The Court granted preliminary approval of the class and settlement on November 24, 2020. (Dkt. No. 82.)

On January 17, 2021, Plaintiffs filed the Fee Motion, accompanied by declarations from Jason M. Frank and both Plaintiffs. (See Fee Motion; "First Frank Declaration," Dkt. No. 83-2; "Rubin-Knudsen Declaration," Dkt. No. 83-3; "Casillas Declaration," Dkt. No. 83-4.) The Fee Motion is unopposed.

On February 15, 2021, Plaintiffs filed the Motion. In support of the Motion, they also filed declarations from Jason M. Frank and Christopher Longley. (See "Second Frank Declaration," Dkt. No. 85-2; "Longley Declaration," Dkt. No. 85-3.)

## II.   THE SETTLEMENT AGREEMENT

Plaintiffs' class includes "[a]ll current and former Client Service Managers, Client Service Manager Seniors, Client Service Manager IIs and Client Service Manager IIIs (collectively, a "Client Service Manager Position"), employed by Defendants in the State of California at any time during the Class Period, and who were classified as exempt from state and federal overtime compensation requirements while in a Client Service Manager Position at any time during the Class Period." ("Agreement," Dkt. No. 79-2 ¶¶ 10, 52.) The Class Period is "July 18, 2014 to the date of the Preliminary Approval of the Settlement, or December 31, 2020, whichever is earlier." (Id. ¶ 11.))

**A. Financial Terms**

Below is an overview of the approximate financial terms of the Agreement:

- Gross settlement amount:                $8,000,000.00
- Attorneys' fees:                        $2,666,667.00
- Litigation costs:                       $150,000.00
- Settlement administration costs:        $15,000.00
- Service awards to class representatives: $25,000.00
- PAGA payment to LWDA:                   $7,500.00

- Net settlement amount:                  $5,135,833.00

The $8,000,000.00 gross settlement amount is non-reversionary and will be administered into a fund to be overseen by the Settlement Administrator. (Agreement ¶¶ 20, 55.) Each class member who does not opt out of the Agreement will receive their pro rata share of the settlement fund, which will be calculated as follows: (a) Defendants will determine the total number of qualifying workweeks during the class period in which the class members worked in positions designated exempt; (2) The Settlement Administrator will divide the net settlement fund value by the total number of qualifying workweeks to determine a "Workweek Value"; and (3) Defendants will determine the number of qualifying workweeks each individual class member worked, and the Settlement Administrator will multiply each class member's number of qualifying workweeks by the Workweek Value to determine each individual's share of the settlement fund. (Id. ¶¶ 33, 66, 74.)

If a class member disputes their employment dates or number of qualifying workweeks listed in the Notice of Settlement, the class member may produce evidence to the Settlement Administrator showing that such information is inaccurate. (Id. ¶ 63.) If class members opt-out, their portion of the settlement will revert to the settlement fund and increase the net value distributed to participating class members.

**B.  Settlement Class Members**

The Settlement Class includes all current and former employees of Defendants with a "Client Service Manager Position" who were employed "by Defendants in the State of California at any time during the Class Period, and who were classified as exempt from state and federal overtime compensation requirements while in a Client Service Manager Position at any time during the Class Period." (Id. ¶¶ 10, 52.) The Class Period is "July 18, 2014 to the date of the Preliminary Approval of the Settlement, or December 31, 2020, whichever is earlier. (Id. ¶ 11.) Each prospective class member will have 45 days from mailing of the Notice to opt out of the settlement. (Id. ¶ 61.)

**C.  Class Representatives**

The Agreement provides for a service award of up to $25,000.00 total—$15,000.00 to Plaintiff Rubin-Knudsen and $10,000.00 to Plaintiff Casillas. (Id. ¶ 12.)

**D.  Settlement Administration Costs**

The parties' settlement administrator is Atticus Administration, LLC. (Agreement ¶ 38.) The parties estimate the settlement administration costs to be up to $15,000.00. (Id. ¶ 39.) If settlement administration costs exceed $15,000.00, costs will be deducted from the net fund value. (Id.)

//
//
//

### E. Attorneys' Fees and Costs

The Agreement allows class counsel to seek an award of attorneys' fees not to exceed 30% of the gross settlement amount and litigation costs not to exceed $150,000.00. (Id. ¶¶ 7-8.)

### F. Injunctive Relief

There is no injunctive relief associated with the Agreement.

### G. General Release

The Agreement releases:

> Any and all claims that are or could have been alleged in the Complaint, and any amendments thereto, based on and/or related to the factual allegations contained therein. This includes all claims for failing to pay overtime wages because of misclassification (including claims under state law and under the FLSA), failing to provide meal and rest periods and failing to pay related premiums/penalties, failing to furnish accurate itemized wage statements, and waiting time penalties. This covers all claims for unpaid wages or compensation, premium payments, liquidated damages, restitution (including for unfair competition), penalties, attorneys' fees or costs, and/or any other damages or amounts related to any or all of the foregoing. The release includes any and all claims that were or could have been asserted based on or related to the facts and/or allegations in any complaint filed in this action. Participating Class Members shall release the Released Class Claims for the period ending on the earlier of the date of Preliminary Approval or December 31, 2020.

(Agreement ¶ 75.)

### H. PAGA Release

In addition, in exchange for the PAGA Payment, the class releases all claims for civil penalties under California Labor Code section 2698 et seq. ("PAGA") that are or could have been alleged in the Complaint, and any amendments thereto, based on and/or related to the factual allegations contained therein, including California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, and 1198. This includes all claims under PAGA for failing to pay overtime wages because of misclassification, failing to provide meal and rest periods and failing to pay related premiums/penalties, failing to furnish accurate itemized wage statements, and waiting time penalties. This covers all claims under PAGA for unpaid wages or compensation, premium payments, liquidated damages, restitution (including for unfair competition), penalties, attorneys' fees or costs, and any other damages or amounts related to any or all of the foregoing. This release includes any and all claims under PAGA that were or could have been asserted based on or related to the facts and/or allegations in any complaint filed in this action. (Id. ¶ 76.)

I. Notice

The Court approved the parties' Notice on November 24, 2020. (Dkt. No. 82.)

### III. LEGAL STANDARD

**A. Class Action Settlement**

Class action settlements must be approved by the Court. See Fed. R. Civ. P. 23(e). Whether to approve a class action settlement is "committed to the sound discretion of the trial judge." Class Plaintiffs v. Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992). A strong judicial policy favors settlement of class actions. Id.

Nevertheless, the Court must examine the settlement as a whole for overall fairness. Cheng Jiangchen v. Rentech, Inc., 2019 WL 5173771, at *5 (C.D. Cal. Oct. 10, 2019) (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)). Neither district courts nor appellate courts have the power to delete, modify, or substitute provisions in the negotiated settlement agreement. Hanlon, 150 F.3d at 1026. "The settlement must stand or fall in its entirety." Id.

In order to approve a class action settlement, the court must conduct a three-step inquiry. See Adoma v. Univ. of Phoenix, Inc., 913 F. Supp. 2d 964, 972 (E.D. Cal. 2012). First, it assesses whether the parties have met notice requirements under the Class Action Fairness Act. Id. Next, it determines whether the notice requirements of Federal Rule of Civil Procedure 23(c)(2)(B) have been satisfied. Id. Finally, the court must find that the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2). Id.

**B. Attorneys' Fees**

The procedure for requesting attorneys' fees is set forth in Rule 54(d)(2) of the Federal Rules of Civil Procedure. While the rule specifies that requests shall be made by motion "unless the substantive law governing the action provides for the recovery of . . . fees as an element of damages to be proved at trial," the rule does not itself authorize the awarding of fees. "Rather, [Rule 54(d)(2)] and the accompanying advisory committee comment recognize that there must be another source of authority for such an award . . . [in order to] give[] effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award." MRO Commc'ns, Inc. v. AT&T Co., 197 F.3d 1276, 1281 (9th Cir. 1999).

In class actions, statutory provisions and the common fund exception to the "American Rule" provide the authority for awarding attorneys' fees. See Newberg on Class Actions § 14.1 (4th ed. 2005) ("Two significant exceptions [to the 'American Rule'] are statutory fee-shifting

provisions and the equitable common-fund doctrine"). Rule 23(h) authorizes a court to award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. Proc. 23(h). Under normal circumstances, once it is established that a party is entitled to attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

### IV.   DISCUSSION

**A. Class Action Fairness Act ("CAFA")**

The Class Action Fairness Act ("CAFA") requires, among other things, that "each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official" a notice of the proposed settlement. (28 U.SC. § 1715(b).) The notice must be sent at least 90 days before the effective date of a final approval order. (28 U.S.C. § 1715(d).)

Plaintiffs state that they "learned on the morning of February 3, 2021 that the required CAFA notices had not yet been sent by the Settlement Administrator." (Motion at 13.) They clarify that CAFA notices were "sent later that day by the Settlement Administrator," and that the CAFA 90-day period will expire on May 4, 2021. (Id.)

Late notice is not fatal to final approval. See Metrow v. Liberty Mut. Managed Care LLC, 2018 WL 6265085, at *6 (C.D. Cal. June 14, 2018). The parties here mount a reasonable suggestion. They jointly request that the Court docket an order granting final approval of the Settlement a judgement, but and request that both order and judgment both be held in abeyance, with both stating that they will not become effective until the expiration of the 90-day CAFA period on May 4, 2021. (Motion at 13.)

**B. Rule 23(a) and (b) Requirements**

In its November 24, 2020 Order, the Court certified a provisional settlement class under Rule 23(b)(3). (Dkt. No. 82.) The Court "need not find anew that the settlement class meets the certification requirements of Rule 23(a) and (b)." Adoma v. Univ. of Phoenix, Inc., 913 F. Supp. 2d 964, 974 (E.D. Cal. 2012); see also Harris v. Vector Marketing, 2012 WL 381202 at *3 (N.D. Cal. Feb. 6, 2012) ("As a preliminary matter, the Court notes that it previously certified . . . a Rule 23(b)(3) class . . . [and thus] need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed settlement is fair, adequate, and reasonable."); In re Apollo Group Inc. Securities Litigation, 2012 WL 1378677 at *4 (D. Ariz. Apr. 20, 2012). Here, the Settlement Class has not changed since it was conditionally certified. All the criteria for class certification remain satisfied, and the Court hereby confirms its order certifying the Settlement Class.

//
//

## C. Rule 23(c) Notice Requirements

Rule 23(c)(2)(B) requires that the Court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Similarly, Rule 23(e)(1) requires that a proposed settlement may only be approved after notice is directed in a reasonable manner to all class members who would be bound by the agreement. Fed. R. Civ. P. 23(e)(1).

The Court approved the parties' proposed Notice in its November 24, 2020 Order. (Dkt. No. 82.) The Settlement Administrator has implemented notice procedures accordingly. (Motion at 13; Longley Declaration ¶¶ 5-9.)

## D. Fair, Reasonable, and Adequate

Under Rule 23(e), "the claims, issues, or defenses of a certified class may be settled . . . only with the court's approval." Fed. R. Civ. P. 23(e). "The primary concern of [Rule 23(e)] is the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco, 688 F.2d 615, 624 (9th Cir. 1982). The Court's inquiry is procedural in nature. Id. Pursuant to Rule 23(e)(2), "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court held a final approval hearing by videoconference on March 15, 2021.

In determining whether a settlement agreement is fair, adequate, and reasonable to all concerned, the Court may consider some or all of the following factors:

(1) the strength of the plaintiff's case;
(2) the risk, expense, complexity, and likely duration of further litigation;
(3) the risk of maintaining class action status throughout the trial;
(4) the amount offered in settlement;
(5) the extent of discovery completed, and the stage of the proceedings;
(6) the experience and views of counsel;
(7) the presence of a governmental participant; and
(8) any opposition by class members.

Linney v. Cellular Alaska P'ship, 151 F.3d 1234, 1242 (9th Cir. 1998). This list of factors is not exhaustive, and a court may balance and weigh different factors depending on the circumstances of each case. See Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993).

### 1. Risk, Expense, Complexity, and Likely Duration of Further Litigation

In assessing the risk, expense, complexity, and likely duration of further litigation, the Court evaluates the time and cost required. "[U]nless the settlement is clearly inadequate, its

acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting 3 Newberg on Class Actions § 11:50 (4th ed. 2012)).

This is a complex and sophisticated class action which Plaintiffs have litigated at considerable expense. Further litigation would no doubt involve substantial risks—non-certification, decertification, trial. Indeed, Defendant's opposition to class certification presents difficult arguments, including reliance on an Opinion Letter from the U.S. Department of Labor which concludes that at least some class members may properly be classified with exempt employees. (Dkt. Nos. 53, 54.) Moreover, the data analysis this case requires has already cost more than $50,000.00. (Motion at 18.) Extending this analysis to all class members would drive costs up further. This factor strongly favors approval.

### 2. Amount Offered in Settlement

"Even a fractional recovery of the possible maximum recovery amount may be fair and adequate in light of the uncertainties of trial and difficulties in proving the case." Millan v. Cascade Water Servs., 310 F.R.D. 593, 611 (E.D. Cal. 2015). Here, the recovery amount is consistent with amounts routinely found to be fair and reasonable. See, e.g., In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 459 (9th Cir. 2000) (permitting settlement amount that was one-sixth of potential recovery); Deaver v. Compass Bank, 2015 WL 8526982, at *7 (N.D. Cal. Dec. 11, 2015) (approving a settlement that was 10.7% of the total potential liability).

Plaintiffs' damages expert has estimated total overtime damages and penalties owed to the class to be approximately $9,305,961.00, with an additional $2,415,302.00 in interest, for a total of $11,721,264.00. (Motion at 16.) In addition, the class could obtain an additional $1,052,455 in wage statement penalties under PAGA due to the failure to pay overtime wages. (Id.) Given these figures, the parties' $8,000,000.00 settlement is an outstanding result for the class and weighs heavily in favor of approval.

### 3. Extent of Discovery Completed, and the Stage of the Proceedings

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement." Linney, 151 F.3d at 1239. "The parties must . . . have engaged in sufficient investigation of the facts to enable the court to intelligently make an appraisal of the settlement." Acosta v. Trans Union, LLC, 243 F.R.D. 377, 396 (C.D. Cal. 2007) (internal quotation marks omitted).

This factor favors approval. The parties conducted relevant discovery and engaged in extensive data analysis. (Motion at 18.) They have already fully briefed Plaintiffs' Motion for Class Certification. (Dkt. No. 49.) The parties clearly have sufficient information to make informed decisions about settlement.

### 4. Experience and Views of Counsel

In considering the adequacy of the terms of a settlement, the trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties. See DIRECTV, Inc., 221 F.R.D. at 528 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation[.]") (internal quotation marks and citations omitted). This reliance is predicated on the fact that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." In re Pac. Enters. Sec. Litig., 47 F.3d 373, 378 (9th Cir. 1995).

Plaintiffs' counsel has substantial experience in wage-and-hour class actions. (Second Frank Declaration ¶¶ 2-7.) And Plaintiffs' counsel has declared that an $8,000,000.00 settlement is an excellent outcome for the Class. (Id. ¶ 8.) This factor favors final approval.

### 5. Any Opposition by Class Members

The existence of overwhelming support for a settlement agreement by the class lends weight to a finding that the settlement agreement is fair, adequate, and reasonable. DIRECTV, Inc., 221 F.R.D. at 529 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

There were no objections to the settlement and only one class member opted out. (Longley Declaration ¶ 12.) This factor weighs heavily in favor of final approval.

On balance, the factors support final approval of the Agreement. The Agreement is fair, adequate, and reasonable.

### E. Attorneys' Fees and Costs

#### 1. Attorneys' Fees

Courts are obligated to ensure that the attorneys' fees awarded in a class action settlement are reasonable, even if the parties have already agreed on an amount. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011).

The Court may exercise discretion to award attorneys' fees in a class action settlement by applying either the lodestar method or the percentage-of-the-fund method. Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1006 (9th Cir. 2002). The Court determines the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. McGrath v. Cty. of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). The hourly rates used to calculate the lodestar must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v.

Stenson, 465 U.S. 886, 895 n.11 (1984).  Next, the Court must decide whether to adjust the "presumptively reasonable" lodestar figure based upon the factors listed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation, Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1028-29 (9th Cir. 2000).  Under the percentage-of-the-fund method, an award of twenty-five percent of the gross settlement amount is the "benchmark" for attorneys' fees calculations.  Powers v. Eichen, 229 F.3d 1249, 1256-57 (9th Cir. 2000).

Though Plaintiffs' counsel's requested fee amount of $2,666,667.00, or one-third the gross settlement amount, is substantial (and above the Ninth Circuit's twenty-five percent benchmark for percentage-of-recovery cases,) courts within this Circuit routinely award attorneys' fees equal to one-third of a gross settlement amount.  See, e.g., Metrow v. Liberty Mut. Managed Care LLC, 2018 WL 6265085, at *10 (C.D. Cal. June 14, 2018), Cooley v. Indian River Transp. Co., 2019 WL 2077029 at * 8 (E.D. Cal. May 10, 2019).  The Court preliminarily found counsel's fee request reasonable in its November 24, 2020 Order, (Dkt. No. 82 at 10,) it finds no reason to depart from that conclusion today.  A percentage-of-recovery approach is fair and reasonable, and class counsel has achieved an exceptional result for the class.  See Bautista v. Harvest Mgmt. Sub LLC, 2014 WL 12579822, at *11 (C.D. Cal. July 14, 2014).

   2.  **Costs**

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. Proc. 23(h); see Trans Container Servs. v. Sec. Forwarders, Inc., 752 F.2d 483, 488 (9th Cir. 1985).

Plaintiffs' costs equal $123,046.62, a figure both substantial and reasonable.  This case involved active litigation between sophisticated law firms for a period of more than two years, which itself involved numerous depositions plus mediation and expert fees.  (Fee Motion at 24.)  Moreover, the fact that Defendant did not maintain time records for its "exempt" CMSs required Plaintiffs to hire experts to reconstruct employee labor time estimates using other electronic data, such as time spent accessing Defendants' computer systems or participating in phone calls.  (Fee Motion at 16.)

   3.  **Incentive Award**

Plaintiffs requests service awards of $15,000.00 for Plaintiff Pamela Rubin-Knudsen and $10,000.00 for Plaintiff Marnine Casillas.  (Fee Motion at 2.)  The trial court has discretion to award incentives to class representatives.  See In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 463 (9th Cir. 2000); Pelletz v. Weyerhaeuser Co., 592 F. Supp. 2d 1322, 1329 (W.D. Wash. 2009).  The criteria courts have used in considering the propriety and amount of an incentive award include: (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort invested by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a

result of the litigation.  <u>Van Vranken v. Atl. Richfield Co.</u>, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

The Court has previously stated that Plaintiffs' proposed incentive awards are substantial and directed Plaintiffs to "establish that these amounts are justified by detailing each Plaintiff's participation in this case."  (Dkt. No. 82.)  Plaintiffs have done so.

Plaintiff Rubin-Knudsen attended every deposition of a defense witness in this case, a time commitment which totaled six full days.  (Fee Motion at 25.)  Class counsel reports that her attendance enabled her to offer critical factual insight regarding Defendant's renewal process and the CSM position.  (Frank Declaration ¶ 41.)  Moreover, both Plaintiffs located and contacted "dozens" of CSMs in order to obtain declaration to support Plaintiffs' motion for class certification.  (Fee Motion at 25.)  Each Plaintiff's deposition lasted at least nine hours.  (<u>Id.</u>)  Plaintiffs estimate that Ms. Rubin-Knudsen spent "over 150 hours" on this case, and Plaintiff Casillas spent "over 60 hours" on this case.  (<u>Id.</u>)  These facts support the reasonableness of the proposed incentive awards.

## V. CONCLUSION

For the reasons above, the Court GRANTS Plaintiffs' Motion and GRANTS Plaintiffs' Fee Motion.  **Judgment will be held in abeyance and will not become effective until expiration of the 90-day CAFA period on May 4, 2021.**

**IT IS SO ORDERED.**